## Cox v. The State.

APPEAL from the *Clay* Common Pleas.

ELLIOTT, C. J.—*Cox,* the appellant, was convicted of an assault and battery on the body of *Peter Wagner,* and fined $50 and costs. The only question in the case is as to the sufficiency of the evidence to· sustain the finding and judgment of the court below. The evidence is made a part of the record by a bill of exceptions. The cause was tried by the court, by agreement of the parties.

From the evidence, it appears that *Cox* kept a grocery, and retailed intoxicating liquors. *Wagner* went to *Cox's* on *Sunday,* and, after drinking, as he testifies, three glasses of liquor, dunned *Cox* for money which the latter owed him, but refused to pay. A quarrel ensued, when *Cox* ordered *Wagner* to leave his house, which he did, going outside of the inclosure into the public street, and there, probably, bantered *Cox* to come into the street and fight him. *Mrs. Cox,* the wife of the defendant, had become excited in the quarrel, by *Wagner* charging her with dishonesty. She procured an unshaved ax-handle, and followed *Wagner,* and

struck at him with it across the fence. *Wagner* caught the bludgeon, and wrested it from her. By this time, *Cox* had also come up, and at once engaged in the fight; he got the bludgeon from *Wagner*, and struck him two or three blows with it, the last one of which struck him across the head, from which *Wagner* fell to the ground senseless. The blow was a very severe one, inflicting *serious* and probably lasting injury.

The evidence of *Wagner* establishes a clear case of an unmitigated assault and battery. Two other witnesses, females, were also present, and saw most of the occurrence. There is some conflict between their statements and those of *Wagner*, but from their statements, alone, it is evident that the fight and injury to *Wagner* resulted from his being followed by *Cox* and his wife, and attacked after he had left *Cox's* premises.

The court that tried the case had full opportunity of judging of the facts, and of the credibility of the witnesses, and we see no reason to disturb the finding.

The judgment is affirmed, with costs.

*Williamson & Daggy*, for appellant.